## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | |
|---|---|
| JOANNA HALL, | |
| **Plaintiff,** | Case No. _____ |
| v. | |
| | **Removed from the Circuit Court of** |
| LIBERTY MUTUAL GROUP, INC., d/b/a | **Knox County, Tennessee;** |
| GEICO INSURANCE AGENCY, INC. | **Case No. 3-88-13** |
| **Defendant.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant Liberty Insurance Corporation, improperly named as Liberty Mutual Group, Inc. d/b/a Geico Insurance Agency, Inc. ("LIC" or "Defendant") hereby gives notice of their removal of the above-referenced case from the Circuit Court for Knox County, Tennessee.

In support hereof, Defendant states as follows:

1.       On February 25, 2013, Plaintiff Joanna Hall ("Plaintiff") filed a Complaint against Liberty Mutual Insurance Group, Inc. d/b/a Geico Insurance Agency, Inc. in the Circuit Court for Knox County, Tennessee.  A true and correct copy of the Complaint along with any and all other pleadings from the Circuit Court of Knox County are attached hereto as **Exhibit A**.

2.       Plaintiff alleges that she is a citizen and resident of Knox County, Tennessee (Compl. at ¶ 1.)

3.       LIC, improperly named as Liberty Mutual Group, Inc. d/b/a Geico Insurance Agency, Inc., is a foreign corporation doing business in Tennessee and its principal place of business is located at 175 Berkeley Street, Boston, Massachusetts.

4.       LIC is a corporation organized under the laws of the State of Illinois.

5.      As a result, complete diversity of citizenship exists between Plaintiff and LIC.  28 U.S.C. § 1332(c)(1).[1]

6.      LIC was served with the Complaint and Summons on March 19, 2013 through its process server, Corporation Service Company.

7.      As a result, this Notice of Removal is filed within 30 days of the date of service of process and is timely filed. 28 U.S.C. § 1446(b).

8.      The lawsuit relates to LIC's alleged handling of Plaintiff's claim under homeowner's policy following Plaintiff's discovery of water damage in her home.  Plaintiff alleges that LIC hired Landmark Corporation to serve as general contractor for the repairs, and that Landmark Corporation subsequently subcontracted the moving furniture related to the repairs to Two Men and a Truck Knoxville ("Two Men").  Plaintiff alleges that Two Men's employees stole items from Plaintiff's home valued at $25,000. (Compl. at ¶¶ 5-12.)

9.      As a result, Plaintiff alleges claims of breach of fiduciary duty, breach of contract, vicarious liability, and the Tennessee Consumer Protection Act against LIC due to the alleged theft by Two Men's employees and the increase of Plaintiff's premium as a result of the number of claims LIC maintains Plaintiff had made. (*Id.* at ¶¶ 15-22.)

10.     Plaintiff prays for $100,000 in compensatory damages, treble the amount of actual damages, and attorneys' fees.  Thus, the jurisdictional minimum of $75,000 has been met (and exceeded).  (*Id.* at Prayer for Relief.)

11.     Plaintiff did not attach the insurance policy at issue to her Complaint.

12.     Defendant searched its records and located only one insurance policy issued to Plaintiff for the relevant time period.  Neither Liberty Mutual Group, Inc. nor Geico Insurance

---

[1] This is true also of the improperly-named defendant: Liberty Mutual Group, Inc. d/b/a Geico Insurance Agency. Liberty Mutual Group Inc.'s principal place of business is 175 Berkeley Street, Boston, Massachusetts, and it is organized as a corporation under the laws of the state of Massachusetts.

Agency, Inc. issued the homeowners policy at issue to Plaintiff. *See* redacted Declaration Page attached hereto as **Exhibit B**.

13.     A true and correct copy of the Notice of Filing of Removal filed concurrently with the Chancery Court for Knox County, Tennessee is attached hereto as **Exhibit C.**

14.     This action is properly removable under 28 U.S.C. § 1441(a) and (b), and venue in this division is proper, because the United States District Court for the Eastern District of Tennessee has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended. This section provides, in relevant part, that:

> (a)     The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
>
> (1) citizens of different states…

28 U.S.C. § 1332(a).

15.     This action is properly removable under 28 U.S.C. §§ 1441 and 1446 because diversity exists and because the amount in dispute exceeds $75,000.

16.     In filing this Notice of Removal, LIC does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, LIC respectfully requests this Court take jurisdiction of this action and issue all necessary orders to remove this matter from the Chancery Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

This is the 16th day of April, 2013.

                                        Respectfully submitted,

                                        s/Brian C. Neal
                                        John R. Wingo (BPR No. 16955)
                                        Brian C. Neal (BPR. No. 22532)
                                        STITES & HARBISON, PLLC
                                        401 Commerce Street, Suite 800
                                        Nashville, TN  37219-2376
                                        Telephone:  (615) 782-2263
                                        Email:  john.wingo@stites.com
                                        Email:  brian.neal@stites.com

                                        *Attorneys for Defendant Liberty Insurance*
                                        *Corporation improperly named Liberty Mutual*
                                        *Group, Inc. d/b/a Geico Insurance Agency, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2013, a true and exact copy of the foregoing **Notice of Removal** was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon the parties below. Parties may also access this filing through the Court's ECF system.

Mark E. Brown
MENEFEE & BROWN, P.C.
9724 Kingston Pike, Suite 505
Knoxville, TN  37922

*Attorneys for Plaintiff*

                                        s/Brian C. Neal

987547:1:NASHVILLE

4