

**CORPORATION SERVICE COMPANY**

CHS / ALL
Transmittal Number: 10967323
Date Processed: 03/20/2013

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro
Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02117 |
| **Entity:** | Liberty Mutual Group Inc.
Entity ID Number  2541558 |
| **Entity Served:** | Liberty Mutual Group, Inc., d/b/a Geico Insurance Agency Inc. |
| **Title of Action:** | Joanna Hall vs. Liberty Mutual Group Inc. dba Geico Insurance Agency Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Knox County Circuit Court, Tennessee |
| **Case/Reference No:** | 3-88-13 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 03/19/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Mark E. Brown
865-357-9800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | | |
|---|---|---|
| JOANNA HALL, | ) | FILED |
| Plaintiff, | ) | 2013 MAR 12 PM 1 3 |
| v. | ) Case No. 3-88-13 | CATHERINE F. QUIST CIRCUIT COURT CLERK |
| | ) JURY DEMANDED | |
| LIBERTY MUTUAL GROUP, INC., d/b/a GEICO INSURANCE AGENCY INC. | ) | |
| Defendant. | ) | |

## ALIAS SUMMONS

To the above named defendant(s):

You are hereby summoned and required to serve upon Mark E. Brown, plaintiff's attorney, whose address is 9724 Kingston Pike, Suite 505, Knoxville, TN 37922 an answer to the Complaint served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. You will file the original pleading with the Court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 12 day of MARCH, 2013.

_____
By _____
Deputy Clerk

### NOTICE

Tennessee law provides a Ten Thousand Dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: **Defendant Liberty Mutual Insurance Group, Inc. d/b/a GEICO Insurance Agency, Inc.** may be served with process through the Davidson County Sheriff's Department on its Registered Agent for Service of Process, **Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312**.

## RETURN

I received this summons on the _____ day of _____, 2013.

I hereby certify and return that on the _____ day of _____, 2013,

[ ] I served this summons and a complaint on defendant LIBERTY MUTUAL INSURANCE GROUP, INC. d/b/a GEICO INSURANCE AGENCY, INC. in the following manner:

_____

[ ] I failed to serve this summons within thirty (30) days after its issuance because:

_____

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Suite 360 City-County Building, 400 Main Street, Knoxville, Tn. 37902
> (865) 215-2952  TTY: 215-2497
> patcarson@knox county.org

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> Julie Taylor, 511 Union Street, Ste. 600, Nashville, Tn. 37219
> (615) 741-2687 OR (800) 448-7970
> adacoordinator@tscmail.state.tn.us

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us.

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE   FILED

| JOANNA HALL, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3-88-13 ) JURY DEMANDED |
| LIBERTY MUTUAL GROUP, INC., d/b/a GEICO INSURANCE AGENCY INC. | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

COMES the Plaintiff Joanna Hall and sues the Defendant Liberty Mutual Group, Inc. d/b/a GEICO Insurance Agency, Inc. and alleges as follows:

## PARTIES

1. The Plaintiff Joanna Hall ("Plaintiff") is a citizen and resident of Knox County, Tennessee with a principal address of 7901 Wheatland Drive, Knoxville, Tennessee 37931.

2. The Defendant Liberty Mutual Group, Inc. d/b/a GEICO Insurance Agency, Inc. is a global insurance company with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Liberty Mutual may be served with process through its Registered Agent for service of process Corporation Service Company 2908 Poston Avenue, Nashville, Tennessee 37203-1312. The Defendant may also be served through the Commissioner of the Tennessee Department of Commerce and Insurance at 500 James Robinson Parkway, Nashville, Tennessee 37243-0565 by serving two (2) copies

on the Commissioner pursuant to *Tenn. Code Ann. §56-2-504*, along with an affidavit of last known address.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to *Tenn. Code Ann. §16-10-101, et seq.*

4. Venue is proper in this Court pursuant to *Tenn. Code Ann. §20-4-101* as the events giving rise to this case occurred in Knox County.

## FACTS

5. At all times material to this Complaint, the Defendant was the insurer for the Plaintiff on her real property at 7901 Wheatland Drive in Knoxville, Tennessee.

6. In late 2010 to early 2011, the Plaintiff was out-of-town for a period of approximately three-and-a-half (3 ½) months, visiting her children who reside in Texas and Missouri. While the Plaintiff was away from her home a water filter housing failed and burst, flooding portions of the Plaintiff's home and causing significant damage to the house and its contents.

7. The Plaintiff contacted the Defendant to turn the matter over to the Defendant for processing. The Defendant in turn hired Landmark Corporation to serve as the General Contractor for the repairs.

8. Likewise, as part of and in furtherance of the repairs on the Plaintiff's home, Landmark subcontracted the removal of certain items to East Tennessee Moving Company d/b/a Two Men and a Truck Knoxville, Chattanooga/Atlanta so that the damage to home could be repaired.

9. On or about June 2, 2011, Two Men, by and through their employees and authorized agents went to the Plaintiff's home to repair or remove certain items at the request and direction of the Landmark, and as an authorized agent of the Defendant.

10. While Two Men's employees were at the Plaintiff's home on June 2, 2001, they removed a locked safe from a back bedroom closet that contained numerous pieces of jewelry that belonged to the Plaintiff. A circular saw and drill were also removed from the home.

11. The employees subsequently removed items from the safe and took them to Brimley's Gold Exchange on Western Avenue in Knoxville and Knox Gold Exchange on Brickyard Road in Powell for the purposes of selling the items. They then discarded the remaining items, including the safe, into a dumpster.

12. The employees were subsequently arrested and admitted to the Knox County Sheriff's Department to stealing and selling some of the Plaintiff's jewelry and further admitted to discarding the safe and other items in a dumpster. The employees were charged with felony charges in Knox County, but subsequently pled to a misdemeanor charge and received diversion

13. Upon information and belief the Plaintiff estimates the value of loss at approximately Twenty Five Thousand Dollars ($25,000.00).

14. The Plaintiff made a claim on her Liberty Mutual Insurance policy with respect to the stolen jewelry. The Plaintiff also had previously made a claim for the water damage to her property. In April 2011, the Plaintiff allowed Liberty Mutual to conduct an inspection of her roof after a hailstorm in the Knoxville area. The Plaintiff

did not formally make a claim on her policy for the roof damage and no repairs were ever made to her roof. However, the Defendant has counted this is as a third (3rd) claim on the Plaintiff's insurance policy within a one-year period and on February 25, 2012 gave notice to the Plaintiff that her homeowners' insurance rates were going to increase. The Plaintiff alleges that this is a breach of contract and specifically a breach of the obligation of good faith and fair dealing that is implied into every contract for insurance in the State of Tennessee. As a result of the Defendant's breach, the Plaintiff has been deemed uninsurable leaving her with no choice but to continue with the Defendant for her homeowners' insurance at a significant cost increase.

## COUNT I – BREACH OF FIDUCIAURY DUTY

15. The Plaintiff incorporates by reference the allegations in Paragraphs 1 – 14 of this Complaint, as if fully set forth herein.

16. The Plaintiff alleges that the Defendant is liable for damages to her for the reasonable amount of the lost jewelry based on a breach of fiduciary duty. As a result of the insurer-insured relationship the Defendant owed a duty to properly supervise their contractors and authorized agents and to make certain that the repairs under the policy were completed without any loss or damage to the Plaintiff's personal property. The Plaintiff further alleges that the Defendants breached that duty by failing to properly supervise their contractors and/or agents and as a result, the Plaintiff suffered damages in the form of a loss of and damages to her personal property. Such damages are the direct and proximate cause of the actions and/or inactions of the Defendant for which the

Defendant is liable to the Plaintiff in an amount sufficient to compensate the Plaintiff for her losses, emotional distress, inconvenience and worry.

## COUNT II – BREACH OF CONTRACT

17. The Plaintiff incorporates by reference the allegations in Paragraphs 1-16 of this Complaint, as if fully set forth herein.

18. The Plaintiff alleges that the Defendants are in breach of contract and more specifically are in breach of the obligation of good faith and fair dealing which is implied into contracts for insurance in the State of Tennessee. The Defendants have wrongfully attributed three (3) claims to the Plaintiff including a claim for damage to her roof for which there was never a formal claim made, money paid to the Plaintiff, or repairs made to the roof. The Plaintiff submits that such action was made in bad faith and as a result, the Plaintiff is now uninsurable and has no option but to remain with the Defendant and pay the higher premiums.

## COUNT III – VICARIOUS LIABILITY

19. The Plaintiff incorporates by reference the allegations in Paragraphs 1 – 18 of this Complaint, as if fully set forth herein.

20. The Plaintiff alleges that the Defendant is vicariously liable for the actions of its agents/contractors Landmark and Two Men as such actions were committed within the scope of the principal-agent relationship. The Defendant is thus liable under the theory of *respondeat superior*.

## COUNT IV – TENNESSEE CONSUMER PROTECTION ACT

21. The Plaintiff incorporates by reference the allegations in Paragraphs 1 – 20 of this Complaint as if fully set forth herein.

22. The Plaintiff alleges that by wrongfully attributing three (3) claims to the Plaintiff without a substantial basis, and when one was not a claim at all is an unfair and deceptive act or practice and the basis for damages under the Tennessee Consumer Protection Act, *Tenn. Code Ann. §47-18-101, et seq.* The Defendant raised the Plaintiff's insurance rates for the policy period beginning on February 25, 2012 and by attributing three (3) claims to her policy and has made the Plaintiff unable to obtain other insurance. Thus the Plaintiff is forced to remain with the Defendant at the higher insurance rates. As such actions by the Defendant were willful and knowing the Defendants are liable for three times the actual amount of damages plus costs and reasonable attorney's fees.

WHEREFORE, the Plaintiff prays:

1. This Court enter a Judgment against the Defendant for compensatory damages in the amount of not less than One Hundred Thousand Dollars ($100,000.00) to completely and fairly compensate the Plaintiff for her losses;

2. That the Plaintiff be awarded three times the amount of actual damages, costs and attorney fees for violations of the Tennessee Consumer Protection Act;

3. That a jury of six (6) persons be impaneled to try the issues in this case; and

4. For such other and further general relief as this Court deems appropriate.

Respectfully submitted this 25TH day of February, 2013

*[signature: Mark E Brown]*
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
9724 Kingston Pike, Ste. 505
Knoxville, Tennessee 37922
Phone: (865) 357-9800
Fax: (865) 357-9810
Attorney for the Plaintiff

## COST BOND

We acknowledge ourselves as surety for payment of all costs and taxes in this cause in accordance with *Tenn. Code Ann. §20-12-120*.

This is the 25th day of February, 2013.

SURETY:

MENEFEE & BROWN, P.C.

By: *Mark E. Brown*

Its: *President*

## VERIFICATION

I, Joanna Hall, the Plaintiff in this case does hereby swear and affirm that the allegations made in this Complaint are true and correct, except as to those made upon information and belief and as to those I verily believe them to be true.

This is the _25_ day of February, 2013.

_____Joanna Hall_____
Joanna Hall

Sworn to and subscribed before me
this _25th_ day of February, 2013

_____Mark E Brown_____
Notary Public

My Commission Expires: _9-2-2014_

[Notary Seal: MARK E. BROWN, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY]

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

FILED
2013 MAR 12 PM 1 33
CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | |
|---|---|
| JOANNA HALL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3-88-13 |
| | ) JURY DEMANDED |
| LIBERTY MUTUAL GROUP, INC., d/b/a GEICO INSURANCE AGENCY, INC. | ) |
| Defendant. | ) |

## AFFIDAVIT OF RETURN OF SERVICE

COMES Mark E. Brown, being over 18 years of age with personal knowledge of the events described herein deposes and states as follows:

1. I am the counsel of record for the Plaintiff in this case.

2. Upon filing, I had this Court served the Commissioner of Insurance for the purposes of executing service of process on the Defendant.

3. The Commissioner of Insurance has notified me that it does not serve Insurance Groups such as the Defendant in this case.

4. Therefore, I am filing the Notice of Document Return that I received from the Commissioner of Insurance and requesting this Court issue an alias summons on the Defendant to serve the Defendant through its Registered Agent.

FURTHER AFFIANT SAITH NOT

_____
Mark E. Brown

Sworn to and subscribed before me

this 11th day of March, 2013

_____
Notary Public

My Commission Expires: 3/6/16

[Notary Seal: Amanda Austin, State of Tennessee Notary Public, County of Knox]

DATE: 3-6-13

CASHIER NO. 7859

The Cashier No. pertains to previously paid service fee.

State of Tennessee
Department of Commerce and Insurance
500 James Robertson Parkway, 7th Floor
Nashville, Tennessee 37243
Phone: 615-532-5260

**Contact: Ms. Jerald Gilbert at jerald.e.gilbert@tn.gov**

# SERVICE OF PROCESS

# NOTICE OF DOCUMENT RETURN

We regret that it is necessary to return the enclosed documents for the following reason(s):

____ The Complaint is missing.

____ There is no insurance company listed on the document.

____ Tenn. Code Annotated §56-2-504 states: "the incident instigating the case must take place _within the State of Tennessee_" OR "the company to be served _must be domiciled here_."

__X__ This department serves <u>insurance companies only</u>.
We do not serve banks, individuals, insurance _agencies_, insurance _groups_, third-party administrators or self-insured companies.

____ Tennessee Farmers Mutual Insurance Company will not accept documents made out to "Farm Bureau". Please correct the document to specify the exact name of the company and return for service.

____ The Company shown on the enclosed document is not a Licensed/Accredited insurance company in the State of Tennessee.

____ The Department of Commerce and Insurance does not have authority to accept the enclosed document for Service of Process.

**IMPORTANT:** You **_MUST RETURN A COPY OF THIS NOTICE_** with:

1) a Corrected Document   OR   2) a Written Request for Refund

to JERALD GILBERT c/o the address listed above.

Corrected Document or Request for Refund must be submitted <u>within three months</u> of date on Notice of Document Return